**Reversed and Rendered and Majority and Concurring Opinions filed October 27, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00778-CV

---

### CITY OF DICKINSON, TEXAS, Appellant

### V.

### LARRY STEFAN, Appellee

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17-CV-1494**

---

## C O N C U R R I N G   O P I N I O N

I concur in the judgment but write separately to explain my analysis. While the majority concludes Appellee is not entitled to relief because he failed to file a petition for writ of certiorari within ten days of the Board of Adjustment's decision on December 12, 2017, I respectfully disagree. Although Appellee admittedly failed to file a document entitled "petition for writ of certiorari", he did file a verified "Original Petition, Request for Temporary Judgment and Declaratory Judgment" on December 14, 2017 (two days after the Board's decision was made and within the 10-day statutory limitation). Appellee's verified filing placed the substance of his

alleged harm squarely before the trial court and (liberally construed) provided notice to both the trial court and to the City concerning the facts giving rise to his claims and his request for judicial review. At the hearing on August 10, 2018, the City's counsel spoke at length concerning the proper procedure, the need for a writ of certiorari to comply with statutorily-mandated procedure, and the legal question concerning whether Appellee's petition sufficiently requested such a writ under the circumstances. Ordinarily, I would conclude the pleadings and argument of counsel sufficiently evidenced notice under Texas law.

Instead of accepting the City's proposed solution (of having the court comply with the statute and issuing a writ of certiorari), Appellee pressed his contention that the merits of the City's regulatory taking should be adjudicated via his request for injunctive relief. In fact, Appellee's counsel went so far as to argue,

> If we go [the City's proposed] route, then it becomes a decision as to whether or not the Board of Adjustments made the right call. And our position is that there's no . . . reason to make the right call or wrong call because his right was already vested.

Thus, Appellee (1) technically failed to file the proper pleading, (2) nonetheless apparently provided adequate notice of what he intended to have reviewed, then (3) expressly abandoned his right to said review via a representation that there was no need to review the Board of Adjustment's decision (despite the fact that the review of said decision was his only route to relief under the only statutory scheme arguably at issue). Therefore, I concur.


/s/     Meagan Hassan
        Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan (Frost, C.J., majority).